UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                                    Case No. 8:93-cr-304-T-23TGW

JAQUELINE DENNIS
_____/


**O R D E R**

        Dennis was convicted in 1996 of second degree murder and racketeering, for

which offense she was sentenced to a total of 365 months.  The conviction and

sentence were affirmed on direct appeal (Doc. 370) in 1998.  In 2000 Dennis' motion to

vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 378) was denied (Doc. 432), and

the denial was affirmed on appeal (Doc. 446).  On March 4, 2005, Dennis filed the

pending motion (Doc. 461) to re-open judgment judgment pursuant to Rule 60(b),

Federal Rules of Civil Procedure.

        In her motion, Dennis seeks a modification of sentence based on the recent

decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*,

___ U.S. ___, 125 S.Ct. 738 (2005).  However, Dennis cannot claim benefit of either

decision because neither applies to cases on collateral review.  *See In re Dean*, 375

F.3d 1287, 1290 (11th Cir.  2004) ("Because *Blakely*, like *Ring [v. Arizona,* 536 U.S. 584

(2002)], is based on an extension of *Apprendi [v. New Jersey,* 530 U.S. 466 (2000)],

Dean cannot show that the Supreme Court has made that decision retroactive to cases

already final on direct review."), and *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir.

2005) ("Regardless of whether *Booker* established a 'new rule of constitutional law'

within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly

declared *Booker* to be retroactive to cases on collateral review.").  Moreover, Dennis

cannot utilize the Rules of Civil Procedure to challenge a criminal judgment.

> Rule 1 of the Federal Rules of Civil Procedure unambiguously provides that "[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature. . . ."  The judgment and order that the defendant contests were entered, not in a civil case, but in a criminal case, and a proper appeal of the forfeitures should have been raised in the defendant's criminal appeal of his conviction and sentence.  Rule 60(b) simply does not provide for relief from judgment in a criminal case, and as such the defendant cannot challenge the criminal forfeitures at issue under Fed.R.Civ.P. 60(b).  *See United States v. Ramsey,* 106 F.3d 404, No. 95-2854, (7th Cir. Jan. 9, 1997) (unpublished order).

*United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

Accordingly, the motion (Doc. 461) to amend or correct judgment pursuant to

Rule 60(b), Federal Rules of Civil Procedure, is **DENIED**.

ORDERED in Tampa, Florida, on September 30, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

- 2 -